| | |
|---|---|
| Benjamin W. Reeves (#025708)<br>James G. Florentine (#034058)<br>SNELL & WILMER L.L.P.<br>One East Washington Street, Suite 2700<br>Phoenix, AZ 85004<br>Telephone: 602.382.6000<br>Facsimile: 602.382.6070<br>E-Mail: breeves@swlaw.com | David Weitman (*pro hac vice*)<br>Christopher A. Brown (*pro hac vice*)<br>K&L Gates LLP<br>1717 Main Street, Suite 2800<br>Dallas, TX 75201<br>Telephone: 214.939.5427<br>Facsimile: 214.939.5849<br>E-Mail: david.weitman@klgates.com |

Attorneys for Wound Care Specialists, LLC and RENU LLC

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br><br>ATHENA MEDICAL GROUP, LLC,<br><br>Debtor. | Proceedings Under Chapter 11<br><br>Case No. 2:23-bk-01635-BKM<br><br>**WOUND CARE SPECIALISTS, LLC AND RENU LLC'S OBJECTION TO MOTION FOR EXPEDITED HEARING ON (I) MOTION TO ALTER OR AMEND UNDER ADVISEMENT RULING PURSUANT TO F.R.B.P. 9023 AND F.R.C.P. 59; AND (II) SECOND AMENDED PLAN OF REORGANIZATION FOR ATHENA MEDICAL GROUP, LLC**<br><br>Re: Dkt. No. 550 |

Wound Care Specialists, LLC ("Wound Care") and RENU LLC ("RENU", and together with Wound Care, "WCS") hereby object (this "Objection") to the *Motion for Expedited Hearing on (i) Motion to Alter or Amend Under Advisement Ruling Pursuant to F.R.B.P. 9023 and F.R.C.P. 59; and (ii) Second Amended Plan of Reorganization for Athena Medical Group, LLC* (the "Motion to Expedite"), filed by Debtor Athena Medical Group, LLC (the "Debtor") on May 10, 2024 at Dkt. No. 550. For the reasons set forth below, WCS respectfully requests that this Court deny the Debtor's Motion to Expedite. WCS supports this Objection with the following Memorandum of Points and Authorities, and all papers and pleadings of record in this Bankruptcy Case.

4881-3539-0909

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

Through the Motion to Expedite, the Debtor seeks expedited consideration of its Rule 59 Motion and/or Second Amended Plan (both as defined below). As explained below, this Court should deny the Debtor's Motion to Expedite for three (3) reasons.

First, without reference to any supporting authority, the Debtor's Motion seeks an expedited schedule that deprives WCS and others of the opportunity to conduct discovery on the Second Amended Plant and present fulsome objections and evidence in support at a hearing on the new plan. If the Debtor wants to confirm its Second Amended Plan, the Debtor must begin the plan confirmation anew in accordance with applicable law and the rules. The Debtor cannot retroactively amend its First Amended Plan (defined below) after this Court's denial of confirmation of the First Amended Plan on April 29, 2024, to deprive creditors the procedural protections of the plan process.

Second, the Debtor fails to articulate any actual need for expedited consideration of its Rule 59 Motion and/or Second Amended Plan. Indeed, the Debtor merely argues that this Bankruptcy Case has been pending for a long time and administrative fees and costs (allegedly) are significant. Neither of those explanations, however, constitutes grounds requiring expedited consideration of the Debtor's Rule 59 Motion and/or Second Amended Plan.

Third, the Debtor's Proposed Order (defined below) includes relief in the Proposed Order that it does not even request in its Motion to Expedite and, after asking this Court to deny creditors the opportunity for discovery, also seeks to limit the objections they may raise, again without any supporting authority.

Accordingly, WCS respectfully requests that this Court deny the Debtor's Motion to Expedite.

## II. FACTUAL BACKGROUND.

1. On March 15, 2023 (the "<u>Petition Date</u>"), the Debtor commenced this Bankruptcy Case when it filed its voluntary petition under Subchapter V of Chapter 11 of

2
Case 2:23-bk-01635-BKM  Doc 552  Filed 05/13/24  Entered 05/13/24 11:18:29  Desc
Main Document  Page 2 of 10
4881-3539-0909

Title 11 of the United States Code. Dkt. No. 1.[1]

2. On July 13, 2021, the Debtor filed its *Plan of Reorganization for Athena Medical Group, LLC* (the "Original Plan"). *See* 211.

3. On August 28, 2023, the Debtor filed its *First Amended Plan of Reorganization for Athena Medical Group, LLC* (as supplemented, modified, or amended, the "First Amended Plan"). *See* Dkt. No. 288.

4. On December 11-14, 2023, and January 8, 2024, this Court held an evidentiary hearing on the Debtor's First Amended Plan, with its projections dated October 18, 2023 for the period of December 2023 to November 2026.

5. After the parties submitted post-trial briefing, on April 29, 2024, this Court denied confirmation of the Debtor's First Amended Plan when it entered its *Under Advisement Ruling on Plan Confirmation* (the "Confirmation Ruling"). *See* Dkt. No. 543.

6. Three days later (*i.e.*, on May 2, 2024, the Debtor filed its *Second Amended Plan of Reorganization for Athena Medical Group, LLC* (the "Second Amended Plan"), again with projections for the period of December 2023 to November 2026. *See* Dkt. No. 545.

7. On May 3, 2024, WCS's counsel sent Debtor's counsel an email seeking to discuss the timing for scheduling relating to the Second Amended Plan, including the timing for objections, discovery, and a hearing following discovery. *See* email dated May 3, 2024, a copy of which is attached hereto as Exhibit 1. The Debtor failed to respond to WCS's counsel's email. Rather than engage with WCS's counsel's reasonable request to discuss the timing of such matters relating to the Debtor's Second Amended Plan, on May 10, 2024, or confer with WCS at all, the Debtor filed its (i) *Motion to Alter or Amend Under Advisement Ruling Pursuant to F.R.B.P. 9023 and F.R.C.P. 59, Filed in the Alternative to Proceeding on the Second Amended Plan* [Dkt. No. 549] (the "Rule 59

---

[1] The Debtor originally elected not to proceed as a small business debtor under Subchapter V (*see* Dkt. No. 1), but then, on March 16, 2023, filed an amended petition in which it stated it was eligible to proceed under Subchapter V and elected to do so (*see* Dkt. No. 2).

Motion")[2] and (ii) Motion to Expedite [Dkt. No. 550]. The Debtor also lodged a proposed order granting its Motion to Expedite (the "Proposed Order"). *See* Dkt. No. 551 at Ex. A. It is abundantly clear that the Debtor's hope is to deprive WCS of its right to fully object to the Debtor's May 2, 2024, Second Amended Plan.

## III. LEGAL ARGUMENT.

### A. The Debtor Has to Restart the Plan Confirmation Process.

At its core, the Debtor's Motion to Expedite reflects that the Debtor, without any authority, mistakenly believes that it can skip the process for plan confirmation, including an opportunity for discovery, fulsome objections, and an evidentiary hearing. Indeed, the Debtor effectively asks to retroactively revise its First Amended Plan, as if such revisions occurred prior to this Court's Confirmation Ruling on April 29, 2024, and despite the fact that evidence on confirmation of the Debtor's First Amended Plan closed on January 8, 2024.[3] all while not allowing WCS the same opportunity to take discovery and voice its objections. As explained below, the Debtor's attempt to do so fails as a matter of law.

Recently, in another Subchapter V case, a bankruptcy court in New Mexico explained that "[i]f the court denies confirmation of a timely-filed plan, there is no pending plan for the debtor to amend or modify." *In re S-Tek 1, LLC*, 2023 WL 2529729, at *n. 37 (Bankr. D. N.M. March 15, 2023). Therefore, "**the debtor must begin anew by filing a new plan if it wishes to confirm a plan in the case**." *Id*. (emphasis added).[4]

---

[2] In accordance with Local Rule 9023-1(c), WCS will not respond to the Debtor's Rule 59 Motion unless and until the Court orders that WCS files such a response. WCS, however, notes that Rule 59 is not the proper vehicle to obtain a "re-do" and thus the Debtor's Rule 59 Motion fails.

[3] While the Debtor believes it can obtain a retroactive "re-do" of aspects of its First Amended Plan, the Debtor takes the position that WCS cannot have the same opportunity to retroactively revise or supplement the evidence it presented at the December 11-14, 2023 and January 8, 2024 evidentiary hearing, through admittedly more narrowly tailored and with fewer witnesses in light of the Court's prior rulings. This demonstrates the unfairness of the Debtor's position.

[4] The Court in *In re S-Tek 1, LLC* also recognized that, in a Subchapter V case, the "Debtor needs court approval for additional time to file another plan following denial of confirmation of a timely-filed plan." 2023 WL 2529729, at *7. Here, the Debtor has not even requested that this Court extend the deadline for the Debtor to file a plan under 11 U.S.C. § 1189(b) and thus the Debtor's Second Amended Plan is unauthorized. Instead, the Debtor has simply proceeded with its Second Amended Plan without leave of Court.

In accordance with this seemingly obvious procedural requirement, in *In re Angeron*, 2018 WL 6601130, at *1-2 (Bankr. E.D. La. Dec. 13, 2018), a Debtor filed a second plan that was "not substantially different than the plan already rejected by the court" just days after the Court denied confirmation of the original plan. *See id*. at *1. Despite the substantive similarities of the second plan, the Court allowed objections and held a hearing on the Debtor's second plan (and then denied confirmation of that plan). *See id*.

Here, the Debtor seeks to rewind the clock and include overtime on a game that, in this case, has already ended with the Debtor having lost. After the final whistle, the Debtor does not get to go into overtime; it has the option to play another game. Whether the Debtor calls it an amended plan or not, the new plan must be subject to review, objection, discovery, and the like.

Under Bankruptcy Rule 2002(b), WCS and the other parties are entitled to twenty-eight-days notice of the deadline to file objections to the Debtor's Second Amended Plan. *See* Fed. R. Bankr. P. 2002(b); *see also* Local Rule Form 3003-4. The Debtor's proposal, however, would prejudice WCS and other parties by preventing them from having an opportunity to conduct discovery as to the Second Amended Plan and current projections, make fulsome objections, and present evidence at an evidentiary hearing regarding the Debtor's Second Amended Plan. Indeed, the Debtor requests an expedited proceeding that does not afford the parties *any* opportunity to conduct discovery regarding the Debtor's Second Amended Plan, even though there is now new information regarding Debtor's financial performance and the Debtor presumably needs to file new, updated projections. The Debtor's proposed procedural approach to its Second Amended Plan is improper and this Court should reject it. Instead, the Debtor "must begin anew by filing a new plan if it wishes to confirm a plan in th[is] case." *See, e.g., In re S-Tek 1, LLC*, 2023 WL 2529729, at *n. 37.[5]

---

[5] While WCS intends to object to the Debtor's Second Amended Plan, WCS understands the Court's rulings in its Confirmation Ruling and will not reargue the issues already decided by the Court. WCS intends, however, to conduct discovery, and then

Case 2:23-bk-01635-BKM    Doc 552    Filed 05/13/24    Entered 05/13/24 11:18:29    Desc
Main Document    Page 5 of 10

4881-3539-0909

**B.    The Debtor Fails to Establish Any Emergency Necessitating Expedited Consideration of its Rule 59 Motion and/or Second Amended Plan.**

Additionally, this Court should also deny the Debtor's Motion to Expedite because the Debtor fails to explain any actual emergency requiring expedited consideration of its Rule 59 Motion and/or Second Amended Plan. Indeed, the Debtor argues that expedited consideration of its Rule 59 Motion and/or Second Amended Plan is appropriate because "[t]his Subchapter V case has already been in Chapter 11 for almost 14 months, far longer than most Subchapter V cases, and administrative fees and costs are significant." *See* Motion to Expedite at 3:18-19.

The mere fact that a case has pending for a long time and there are significant administrative fees and costs[6], however, does not establish the need for expedited consideration of the Debtor's Rule 59 Motion and/or Second Amended Plan. If that was the standard, every motion filed during the remainder of this Bankruptcy Case would be subject to expedited consideration — a result which undoubtedly is improper. As the Debtor failed to establish any actual need for expedited consideration of its Rule 59 Motion and/or Second Amended Plan.

---

present evidence, regarding the confirmability (or lack thereof) of the Debtor's Second Amended Plan (including the Debtor's presumably new projections since the Debtor's prior projections considered at the evidentiary hearing were submitted as of October 18, 2023, and began as of December 2023). For example, WCS intends to conduct discovery regarding whether the Debtor's projections are supportable in light of the Debtor's most-recent performance. In contrast, for example, WCS does not intend to argue that the Debtor's projections are speculative because the Debtor cannot determine whether it is profitable in any given month. As such, WCS anticipates that an evidentiary hearing on the Debtor's Second Amended Plan should be much narrower in scope and take substantially less time with fewer witnesses than the evidentiary hearing on the Debtor's First Amended Plan.

[6]   As mentioned throughout this Bankruptcy Case, Debtor's counsel is not entitled to compensation from the Debtor's estate for fees and costs incurred after June 27, 2023 (*i.e.*, the date that this Court removed the Debtor as the debtor-in-possession). *See, e.g., In re NIR West Coast, Inc.*, 638 B.R. 441, 453 (Bankr. E.D. Cal. 2022) (explaining in that Subchapter V case that "[t]ermination of the Debtor's status as the debtor in possession on April 1, 2021, terminated the Debtor's retention of the Law Firm under § 327(a) as the estate's attorneys and the ability to compensate and reimburse the Law Firm from the estate under § 330."). Therefore, WCS does not agree that administrative fees and costs are significant in this case.

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
602.382.6000

### C. The Debtor's Proposed Order Granting its Motion to Expedite is Improper.

Last, to the extent that this Court is inclined to grant the Debtor's Motion to Expedite (which it should not), the Debtor's Proposed Order lodged with its Motion to Expedite is wholly improper for two reasons: (i) the Debtor impermissibly seeks to limit the pages for responses to its Rule 59 Motion and (ii) the Debtor inappropriately seeks to limit the objections that can be raised to its Second Amended Plan.

#### 1. The Debtor Improperly Seeks to Limit the Pages for Responses to its Rule 59 Motion.

In the Proposed Order, the Debtor requests that this Court order that all objections to its Rule 59 Motion be limited to six pages. *See* Proposed Order at 2:6-7.[7] This request is improper for two reasons. First, the Debtor does not even ask in its Motion to Expedite that this Court reduce the page limit for responses to the Debtor's Rule 59 Motion. Thus, this Court should not grant such relief.

Second, Local Rule 9013-1(b) provides that "[u]nless ordered otherwise, a motion, a response or reply and the supporting memoranda must not exceed fifteen (15) pages exclusive of attachments." In the Motion to Expedite, the Debtor fails to even attempt to explain why this Court should reduce the page limit for responses to its Rule 59 Motion.[8] Accordingly, if this Court orders that parties can file responses to the Rule 59 Motion, this Court should not reduce the page limit for such responses.

#### 2. The Debtor Improperly Seeks to Limit the Objections that Can be Raised to its Second Amended Plan.

Moreover, the Debtor requests that this Court order that objections to its Second Amended Plan "be limited to only to the modifications made in the Second Amended Plan as compared to the First Amended Plan." *See* Proposed Order at 2:8-12. As explained

---

[7] Notably, the Debtor does not include any proposed page limit for its own reply in support of its Rule 59 Motion in the Proposed Order. *See* Proposed Order at 2:12-14.

[8] It would be as if WCS lodged a proposed order stating that the Debtor's reply should be limited to 3 pages. Of course, that would be an absurd result and, likewise, the Debtor should not be able to arbitrarily limit the length of WCS's response to the Rule 59 Motion.

above, however, the Debtor must serve its Second Amended Plan (and presumably new projections) and not only allow time for objections, but also discovery.

Even setting aside the need for discovery on the Debtor's Second Amended Plan, it is wholly improper for the Debtor to limit the objections that can be raised to its Second Amended Plan. While the Debtor can argue that certain objections to its Second Amended Plan fail, it is improper for the Debtor to be able to predetermine what objections other parties can raise to the Debtor's Second Amended Plan. Parties in interest should be able to raise any objections to the Second Amended Plan that they believe are appropriate, with the Debtor having the ability to respond as it wishes to those objections and the Court deciding the propriety of such objections after notice and a hearing. Therefore, if this Court grants the Debtor's Motion to Expedite, this Court should not limit the objections that can be made to the Debtor's Second Amended Plan.

## IV. CONCLUSION.

For the foregoing reasons, WCS respectfully requests that this Court deny the Debtor's Motion to Expedite and grant WCS such other and further relief as is just and equitable.

DATED this 13th day of May, 2024.

                    SNELL & WILMER L.L.P.

                    By *s/James G. Florentine*
                        Benjamin W. Reeves
                        James G. Florentine
                        One East Washington Street, Suite 2700
                        Phoenix, AZ 85004

                    – and –

                    David Weitman (*admitted pro hac vice*)
                    Christopher A. Brown (*admitted pro hac vice*)
                    K&L GATES LLP
                    1717 Main Street, Suite 2800
                    Dallas, TX 75201

                    Attorneys for Wound Care Specialists, LLC and RENU LLC

4881-3539-0909

| | |
|---|---|
| 1 | **ORIGINAL** of the foregoing e-filed this 13th day of May, 2024 and |
| 2 | mailed to: |
| 3 | ISAAC M. GABRIEL<br>ANDREW HOLLY |
| 4 | ALISSA BRICE CASTANEDA<br>MICHAEL GALEN |
| 5 | DORSEY & WHITNEY LLP<br>2325 EAST CAMELBACK RD., STE. 300 |
| 6 | PHOENIX, AZ 85016 |
| 7 | PATTY CHAN<br>OFFICE OF THE U.S. TRUSTEE |
| 8 | 230 NORTH FIRST AVENUE, SUITE 204<br>PHOENIX, ARIZONA 85003 |
| 9 | *TRUSTEE* |
| 10 | AMERICAN EXPRESS<br>P.O. BOX 650448 |
| 11 | DALLAS, TX 75265-0448 |
| 12 | REDSHANK CONSULTING<br>1410 WEST GUADALUPE ROAD |
| 13 | SUITE 117<br>GILBERT, AZ 85233 |
| 14 | |
| 15 | STABILITY BIOLOGICS<br>1077 CENTRAL PKWY S SUITE 500<br>SAN ANTONIO, TX 78232 |
| 16 | |
| 17 | AISA PLICARPIO<br>BLOCK 48 LOT 18 FIGWORT DRIVE, ROBINSON<br>HOMES EAST, BRGY. SAN JOSE ANTIPOLO CITY |
| 18 | PHILIPPINES 1870 |
| 19 | MIMEDX<br>1775 WEST OAK COMMONS CT NE |
| 20 | MARIETTA, GA 30062 |
| 21 | SANUWAVE, INC.<br>3360 MARTIN FARM ROAD |
| 22 | SUITE 100<br>SUWANEE, GA 30024 |
| 23 | |
| 24 | STABILITY BIOLOGICS<br>2026 FRANSWORTH DRIVE<br>NASHVILLE, TN 37205 |
| 25 | |
| 26 | STEVEN LOURENCO<br>LAURIE WENDE LOURENCO<br>C/O DON C. FLETCHER, ESQ. |
| 27 | FLETCHER BARNES LAW, PLC<br>10429 SOUTH 51ST STREET, SUITE 225 |
| 28 | PHOENIX, AZ 85044 |

Snell & Wilmer
L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
602.382.6000

| | |
|---|---|
| 1 | ALPHA GRAPHICS |
| | 143 UNION BOULEVARD |
| 2 | SUITE 650 |
| | DENVER CO 80228 |
| 3 | |
| | MICHAEL W. CARMEL |
| 4 | MICHAEL W. CARMEL, LTD. |
| | 80 EAST COLUMBUS AVENUE |
| 5 | PHOENIX, AZ 85012 |
| | *ATTORNEY FOR SUBCHAPTER V TRUSTEE* |
| 6 | |
| | M. PRESTON GARDNER |
| 7 | DAVIS MILES MCGUIRE GARDNER, PLLC |
| | 40 E. RIO SALADO PARKWAY, SUITE 425 |
| 8 | TEMPE, AZ 85281 |
| 9 | DANIEL B. TREON |
| | TREON & SHOOK, P.L.L.C. |
| 10 | 4600 NORTH 12TH STREET |
| | PHOENIX, AZ 85014 |

*s/Jennifer Thomes*

Snell & Wilmer L.L.P.
LAW OFFICES
One East Washington Street, Suite 2700
Phoenix, Arizona 85004
602.382.6000